**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

December 17, 2020

H. Scott Gurvey
Amy Gurvey
315 Highland Avenue
Montclair, NJ 07043
*Pro Se Plaintiffs*

James P. Berg, Esq.
Daniel A. Schleifstein, Esq.
Parker Ibrahim & Berg LLP
270 Davidson Avenue
Somerset, NJ 08873
*Counsel for Defendant M&T Bank, Inc.*

Richard A. Gerbino, Esq.
Schiller, Knapp, Lefkowitz & Hertzel, LLP
555 U.S. Highway 1 South, Suite 420
Iselin, NJ 08830
*Counsel for Defendant Schiller, Knapp, Lefkowitz & Hertzel, LLP*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

    Re:     **Gurvey v. M&T Bank, Inc., et al.**
                **Civil Action No. 20-7831 (SDW) (LDW)**

Litigants:

    Before this Court are Defendants M&T Bank, Inc. ("M&T") and Schiller, Knapp, Lefkowitz & Hertzel, LLP's ("Schiller") (collectively, "Defendants") Motions to Dismiss Plaintiffs H. Scott and Amy Gurvey's ("the Gurveys" or "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1).[1]  This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, grants Defendants' motions.

---

[1] Schiller also moves to dismiss under Rule 12(b)(6). (*See* D.E. 7)

**DISCUSSION**

A.

This Court writes only for the parties and assumes their familiarity with the procedural and factual history of this matter. In 2002, the Gurveys purchased a residential property located at 315 Highland Avenue, Montclair, New Jersey (the "Property") which they financed with a mortgage from Hudson City Savings Bank ("HCSB"). (D.E. 1 ¶¶ 31, 43.) In 2015, M&T became the successor in interest to the mortgage. (*Id.* ¶¶ 44-45.) Two years later, M&T sent the Gurveys notice of intent to foreclose on the Property. (*Id.* ¶ 78.) In response, the Gurveys filed suit against M&T in the Superior Court of New Jersey, Essex County, Law Division (Dkt. No. ESX-L-4337-17) ("State Action") on June 13, 2017, challenging M&T's basis for foreclosing. (D.E. 11-2 Ex. 13.)[2] The Third Amended Complaint in the State Action, filed on August 30, 2020, asserts seventeen state and federal law claims[3] against M&T and accuses Schiller of filing "unlawful" and "fraudulent" documents on M&T's behalf. (*Id.* Ex. 14.)

On July 5, 2018, M&T filed a formal foreclosure action against the Gurveys in the Superior Court of New Jersey, Essex County, Chancery Division (Dkt. No. SWC-F-014035-18) ("Foreclosure Action"). (D.E. 11-2 Ex. 4, 5.) The Gurveys' seventeen Counterclaims in the Foreclosure Action are identical to the claims contained in the Third Amended Complaint in the State Action. (*Id.* Ex. 7.)[4] That matter is also pending. (D.E. 18-1 Ex. B.)

On June 25, 2020 Plaintiffs filed suit in this Court, bringing eighteen state and federal law claims against Defendants, seventeen of which are identical to those filed in the state court cases. (*See generally* D.E. 1.) The only difference is the addition of a single count for violation of New Jersey's Fair Foreclosure Act. (*Id.* at 67.) Defendants subsequently moved to dismiss and all briefs were timely filed. (*See* D.E. 7, 11, 12, 13, 18, 19.)[5]

---

[2] Although generally a court may only consider the contents of the complaint on a 12(b)(6) motion to dismiss, the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion" to one for summary judgment. *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider documents "*integral to or explicitly relied* upon in the complaint," *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted, emphasis in original); *see also In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017), or matters of public record, *Chugh v. W. Inventory Servs., Inc.*, 333 F. Supp. 285, 289 (D.N.J. 2004). Because judicial proceedings are matters of public record, this Court will consider the existence of and filings made in the relevant state court actions.

[3] Those claims are: 1) Fair Debt Collection Practices Act; 2) Fair Credit Reporting Act; 3) intentional interference with prospective contractual advantage; 4) Real Estate Settlement Procedures Act of 1974; 5) Truth in Lending Act; 6) fraudulent misrepresentation; 7) fraudulent omission; 8) breach of contract/promissory estoppel; 9) breach of the covenant of good faith and fair dealing; 10) improper disbursement of loan payments; 11) conversion of loan payments; 12) New Jersey Consumer Fraud Act; 13) defamation; 14) assault and trespass; 15) violation of New Jersey Court Rules; 16) Racketeer Influenced and Corrupt Organizations Act; and 17) false statements in a federal investigation. (D.E. 11-2 Ex. 14.)

[4] The Gurveys unsuccessfully attempted to remove the Foreclosure Action to this Court, and it was remanded on March 29, 2019. (*See* Civ. No. 18-12702, D.E. 1, 14, 15, 16, 19.) The Gurveys' Counterclaims were filed before the matter was remanded. (*Id.* D.E. 5.) Their appeal to the Third Circuit was dismissed. (*See* Civ. No. 18-12702 D.E. 22, 26; *see also* D.E.18-1 Ex. D (indicating that the Third Circuit dismissed the appeal on July 25, 2019 and denied the Gurveys' petition for en banc and panel rehearing on August 21, 2020).)

[5] As set forth in this Court's October 16, 2020 text order, Plaintiffs' cross-motion for judgment on the pleadings will not be considered because it was not timely filed. (D.E. 16.)

B.

Although a federal court has a "virtually unflagging obligation" to exercise its jurisdiction, a federal court may abstain in the event of "exceptional" circumstances when parallel state proceedings could result in "comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976) ("*Colorado River*"). Abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," and may be used "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest," and not "merely because a State court could entertain it." *Id.* at 813–14 (internal citations omitted).

In determining whether the *Colorado River* abstention is appropriate, this Court must first determine whether the actions are parallel. *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir.1997). Cases are parallel if they involve the same parties and "substantially identical" claims, raising "nearly identical allegations and issues." *Timoney v. Upper Merion Twp.*, 66 F. App'x 403, 405 (3d Cir. 2003) (quoting *Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 223 (3d Cir.1994)). It is clear that the state court actions are parallel to the current federal suit because they raise identical legal claims, are based on the same facts, and involve the same parties. Therefore, this Court must determine whether abstention is proper by weighing the six factors set forth in *Colorado River* and its progeny. *Timoney*, 66 F. App's at 405; *see also Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir.1999). Those factors are: (1) which court first assumed jurisdiction over property involved, if any; (2) the relative convenience of the fora; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law applies and (6) whether the state court will adequately protect the federal plaintiff's interests. *Spring City Corp.*, 193 F.3d at 171. "No one factor is determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818–19. The factors must be balanced in "a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14–15 (1983).

Here, all six factors weigh in favor of abstention. The state court cases were filed in 2017 and 2018, over two years before the instant matter and involve the Property subject to foreclosure. As a result, the state court obtained jurisdiction years before this action was initiated. Given that two matters are currently pending in state court, it is inconvenient for all parties to simultaneously litigate a third case in this Court. In addition, dismissing the federal suit will avoid the potential of piecemeal litigation. Although both state and federal law are implicated in the parties' claims, the state court is an adequate forum to resolve all claims. Finally, given the state court's familiarity with foreclosure actions and its long history with the parties, it is well-situated to protect the Gurveys' rights. The Gurveys have advanced their own interests and actively engaged in litigating these issues for the past three years. There is no indication that this Court is better suited to provide Plaintiff with the relief they seek. As a result, abstention is appropriate, and Defendants' motions to dismiss will be granted.

**CONCLUSION**

       Defendants' Motions to Dismiss are **GRANTED**.  An appropriate order follows.

                                               ___/s/ Susan D. Wigenton_____
                                               **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
          Leda D. Wettre, U.S.M.J.