**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

February 4, 2021

H. Scott Gurvey
Amy Gurvey
315 Highland Avenue
Montclair, NJ 07043
*Pro Se Plaintiffs*

James P. Berg, Esq.
Daniel A. Schleifstein, Esq.
Parker Ibrahim & Berg LLP
270 Davidson Avenue
Somerset, NJ 08873
*Counsel for Defendant M&T Bank, Inc.*

Richard A. Gerbino, Esq.
Schiller, Knapp, Lefkowitz & Hertzel, LLP
555 U.S. Highway 1 South, Suite 420
Iselin, NJ 08830
*Counsel for Defendant Schiller, Knapp, Lefkowitz & Hertzel, LLP*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:   **Gurvey v. M&T Bank, Inc., et al.**
      **Civil Action No. 20-7831 (SDW) (LDW)**

Litigants:

Before this Court is Plaintiffs' Motion for Reconsideration of this Court's December 17, 2020 Opinion and Order ("December 17th Decision") which granted Defendants' motions to dismiss Plaintiffs' Complaint.  (D.E. 20, 21.)  This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the Motion for Reconsideration.

**DISCUSSION**

    A.  Standard of Review

Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review." *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at \*2-3 (D.N.J. July 30, 2015).  A party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion"[1] and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked."  L. Civ. R. 7.1(i).  A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at \*2 (internal citations omitted), which is to be granted "sparingly."  *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000).  Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process."  *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

    B.  The December 17th Decision Is Not Clearly Erroneous or Contrary to Law

The December 17th Decision identified and applied the proper legal standards for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and held that this Court should abstain from hearing Plaintiffs' claims pursuant to the Supreme Court's guidance in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976).  (D.E. 21 at 3 (discussing the grounds for and propriety of abstention).)[2]  Plaintiffs do not identify any intervening change in the relevant law or new evidence that was unavailable at the time this Court entered its decision, consequently, Plaintiffs' motion rests solely on the contention that this Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. (*See* D.E. 22 at 25 (arguing that "Plaintiffs will suffer manifest injustice if the instant lawsuit is not maintained").)  Specifically, Plaintiffs argue that this Court erred in abstaining under *Colorado River* because the state court cannot grant the relief Plaintiffs seek and their claims in state court do not include fraud allegations that Plaintiffs wish to assert. (D.E. 22 at 25.)  Both arguments are without merit.  As this Court noted in its December 17th Decision, "the state court is an adequate forum to resolve all claims" and "given the state court's familiarity with foreclosure actions and

---

[1] There is some dispute as to when Plaintiffs received notice of the December 17th Decision.  The Opinion and Order were docketed on December 17, 2020, but Plaintiffs claim they did not receive timely electronic notice.  (D.E. 22 at 3.)  Defendant M&T, however, certifies that it served a copy of the Order and Opinion on Plaintiffs via FedEx on December 18, 2020.  (D.E. 24-6; 24-7.)  Given Plaintiffs' pro se status, this Court will grant their request to treat their motion as timely.  (*See* D.E. 22 at 3.)

[2] Despite Plaintiffs' assertions to the contrary, this Court's decision was not issued sua sponte, but was rather rendered after Defendants filed appropriate motions and the Court considered both parties' written submissions with respect to the same.  (*See* D.E. 22 at 24 (claiming that this Court "entered sua sponte dismissal" of Plaintiffs' Complaint).)

its long history with the parties, it is well-situated to protect" Plaintiffs' rights.  (D.E. 21 at 3.)
Therefore, Plaintiffs' motion merely encourages this Court to "analyze the same facts and cases it
already considered" to come to a different conclusion.  *Tehan v. Disability Mgmt. Servs.*, 11 F.
Supp. 2d 542, 549 (D.N.J. 2000).  Asking this Court to "rethink" its holding is not an appropriate
basis upon which to seek reconsideration.  *See Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.
of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Accordingly, Plaintiffs' motion will be denied.[3]

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Reconsideration of this Court's
December 17, 2020 Opinion and Order is **DENIED**.  An appropriate order follows.

＿＿/s/ Susan D. Wigenton＿＿＿＿
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.

---

[3] To the extent that Plaintiffs move for leave to amend their Complaint, their motion is also denied. This Court has
determined that it must abstain from exercising jurisdiction over this matter because the state court is the appropriate
forum to adjudicate Plaintiffs' claims.  Amendment of the Complaint does nothing to change that determination.  In
addition, Plaintiffs have failed to comply with the requirements of Local Civil Rule 15.1 which requires a plaintiff
seeking to amend a complaint to attach a copy of the proposed pleading to their motion.  *See* Local Civ. R. 15.1(a).
Failure to do so is grounds for denial.  *See, e.g.*, *Obuskovic v. Wood*, Civ. No. 15-7520, 2016 WL 6471023, at *1 n. 1
(D.N.J. Oct. 31, 2016) (denying motion to amend complaint where plaintiff failed to attach a copy of the proposed
amended pleading).