**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

June 29, 2021

H. Scott Gurvey
Amy Gurvey
315 Highland Avenue
Montclair, NJ 07043
*Pro Se Plaintiffs*

James P. Berg, Esq.
Daniel A. Schleifstein, Esq.
Parker Ibrahim & Berg LLP
270 Davidson Avenue
Somerset, NJ 08873
*Counsel for Defendant M&T Bank, Inc.*

Richard A. Gerbino, Esq.
Schiller, Knapp, Lefkowitz & Hertzel, LLP
716 Newman Springs Road, Suite 372
Lincroft, NJ 07738
*Counsel for Defendant Schiller, Knapp, Lefkowitz & Hertzel, LLP*

## **LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re: Gurvey v. M&T Bank, Inc., et al.**
**Civil Action No. 20-7831 (SDW) (LDW)**

Litigants:

Before this Court is Plaintiffs' Motion for Extension of Time to File Appeal of this Court's February 4, 2021 Opinion and Order ("February 4th Decision") denying Plaintiffs' motion for reconsideration of this Court's prior decision dismissing Plaintiffs' Complaint. (D.E. 30.) This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the Motion.

## **DISCUSSION**

Federal Rule of Appellate Procedure ("Rule") 4(a)(1) allows a party to file a notice of appeal "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P.

4(a)(1)(A). A district court may extend the time to file a notice of appeal only where "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). As a result, Rule 4(a) "prohibits consideration of excusable neglect or good cause where an appellant fails to file a timely motion requesting an extension of time." *Pyror v. Marshall*, 711 F.2d 63, 64-65 (6th Cir. 1983).

This Court granted Defendants' motion to dismiss on December 17, 2020. (D.E. 20, 21.) Plaintiffs moved for reconsideration and this Court denied that motion on February 4, 2021. (D.E. 27, 28.) Defendant M&T Bank, Inc. ("M&T") sent Plaintiffs a copy of the February 4th Decision via FedEx on February 8, 2021 and FedEx delivered those materials on February 9, 2021. (D.E. 32-3, 32-5; *see also* D.E. 32-6, 32-7.) Pursuant to Rule 4(a), Plaintiffs had until March 9, 2021 to appeal. They failed to do so, and instead, moved for an extension of their time to appeal on June 14, 2021. (D.E. 30.) Plaintiffs' suggestion that this Court should excuse their failure to timely file their motion because of the death of Plaintiff Amy Gurvey's mother on February 6, 2021 is unavailing. (*See* D.E. 30 at 1-2.) Although this Court extends its sympathies to Plaintiffs for their loss, Rule 4(a)(5)(A) permits this Court to extend the time to appeal for "excusable neglect or good cause" only where a party "moves no later than 30 days after" their time to appeal expires. Here, that deadline was April 9, 2021, but Plaintiffs waited for another two months before filing their motion. As a result, Plaintiffs' motion is untimely and must be denied.[1]

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Extension of Time to Appeal is **DENIED**. An appropriate order follows.

                                                                                 /s/ Susan D. Wigenton
                                                                         **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Leda D. Wettre, U.S.M.J.

---

[1] To the extent Plaintiffs move to reopen their time to appeal, their motion is also denied. A district court may only reopen the time to file an appeal where it finds "that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6). Because they were served with a copy of the February 4th Decision, this Court is without authority to reopen Plaintiffs' time to appeal. This Court does not find Plaintiffs' assertion that they did not receive notice of the February 4th Decision credible in light of M&T's certification that a copy of those documents was sent to Plaintiffs via FedEx on February 8, 2021 and delivered on February 9, 2021. (D.E. 32-3, 32-5.)