<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

September 14, 2021

H. Scott Gurvey
Amy Gurvey
315 Highland Avenue
Montclair, NJ 07043
*Pro Se Plaintiffs*

James P. Berg, Esq.
Daniel A. Schleifstein, Esq.
Parker Ibrahim & Berg LLP
270 Davidson Avenue
Somerset, NJ 08873
*Counsel for Defendant M&T Bank, Inc.*

Richard A. Gerbino, Esq.
Schiller, Knapp, Lefkowitz & Hertzel, LLP
716 Newman Springs Road, Suite 372
Lincroft, NJ 07738
*Counsel for Defendant Schiller, Knapp, Lefkowitz & Hertzel, LLP*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

 **Re:** **Gurvey v. M&T Bank, Inc., et al.**
   **Civil Action No. 20-7831 (SDW) (LDW)**

Litigants:

  Before this Court is Plaintiffs' Motion to Vacate Judgment and to Amend Complaint[1] pursuant to Federal Rules of Civil Procedure 60(b) and 15. This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the Motion.

---

[1] Although Plaintiffs style their motion to amend as a motion to join defendants pursuant to Rule 20, they are, in fact, seeking to amend their complaint by adding additional defendants and asserting additional claims.  (*See* D.E. 36 Ex. 1.)  Such a motion is properly brought pursuant to Rule 15 and will be evaluated as such.

**DISCUSSION**

Motions to vacate are permitted pursuant to Federal Rule of Civil Procedure 60(b) which allows a party to seek relief from the entry of an order for reasons of, in relevant part, "(3) fraud . . . misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3) and (6). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987); *see also Jones v. Citigroup, Inc.*, Civ. No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015). The rule exists to "strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done," *Broughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978), but "may not be used to relitigate old issues, advance new theories or secure a rehearing on the merits." *Hilton v. Whitman*, Civ. No. 09-6420, 2008 WL 5272190, at *3 (D.N.J. Dec. 16, 2008).

On December 17, 2020, this Court dismissed Plaintiffs' Complaint, finding that it lacks subject matter jurisdiction over Plaintiffs' claims under the *Colorado River* abstention doctrine. (D.E. 20, 21.) Plaintiffs moved for reconsideration and this Court denied that motion on February 4, 2021. (D.E. 27, 28.) Plaintiffs failed to timely appeal those decisions and moved for an extension of time to appeal on June 14, 2021. (D.E. 30.) On June 29, 2021, this Court denied Plaintiffs' motion as untimely. (D.E. 34, 35.)[2] Plaintiffs now move to vacate this Court's decision and to amend their Complaint. (D.E. 36.)

Plaintiffs have provided no basis for this Court to vacate its prior decision. Rather, their motion merely serves to rehash and reassert arguments it has made repeatedly before this Court. Plaintiffs fail to credibly argue either that this Court's decision was a result of fraud or misconduct or that special circumstances warrant upending this Court's finding that it must abstain from hearing Plaintiffs' claims due to the pending actions in the New Jersey Superior Court. Rather, the sole purpose of Plaintiffs' motion appears to be an attempt to circumvent the appropriate appellate processes available to them. Therefore, Plaintiffs' motion to vacate will be denied.[3]

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Vacate Judgment and Amend Complaint is **DENIED**. An appropriate order follows.

    /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

---

[2] Prior to receiving this Court's ruling, Plaintiffs filed an appeal with the Third Circuit which remains pending. (*See* D.E. 24-1 Ex. 20, 21, 23, 30, 31.)

[3] As a result, Plaintiffs' motion to amend must also be denied. *See, e.g., Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002) ("once a judgment is entered the filing of an amendment [under Rule 15] cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60") (internal citation omitted); *Atkinson v. Middlesex Cty.*, Civ. No. 09-4863, 2014 WL 2767771, at *4 (D.N.J. Jun. 18, 2014) (denying Rule 60(b) motion to vacate and motion to amend under Rule 15, recognizing that once a case is dismissed, "Plaintiff could not use Rule 15 to amend the complaint").

Orig: Clerk
cc: Parties
     Leda D. Wettre, U.S.M.J.